In re Advisory Opinion to Governor.

IN RE ADVISORY OPINION TO GOVERNOR.

CONSTITUTIONAL LAW—ADVISORY OPINIONS—WHEN GOVERNOR MAY REQUIRE.

Section 13 of Article IV of the constitution authorizes the Justices of the Supreme Court, on the Governor's request, to interpret only some portion of the constitution that affects the Governor's executive powers and duties, and does not authorize the Justices, upon such request, to interpret, or pass upon the constitutionality of statutes that affect the Governor's executive powers and duties.

His Excellency,
        N. B. Broward,
                Governor of Florida.
Sir:—

We have the honor of acknowledging the receipt of your communication of July 26th, 1905, as follows:
"The Honorable Justices of the
    Supreme Court of the State of Florida,
                        Tallahassee, Florida.
Gentlemen:—

Under the provisions of Chapter No. 5384, Laws of 1905, the Board of Control and the State Board of Educa-

tion, met in joint session and determined the place of location of the University of the State of Florida, The Florida Female College, The Colored Normal School and The Institute for the Blind, Deaf and Dumb. Neither of said institutions was located at the city of Lake City.

The Act directs the State Board of Education to sell the property and assets of each and every of the said institutions abolished by the Act which shall not be selected by the Boards as a location for the University, College or Institute.

I am required now by the provisions of the statute above mentioned and the action of the aforementioned Boards in joint session, to execute a deed to the city of Lake City for the one hundred acres of land donated by Lake City to the institution which was located at that place many years ago, and which was abolished by the Act; and to countersign a warrant upon the State Treasurer for payment to the city of Lake City in the sum of fifteen thousand dollars.

The Governor is charged under the Constitution with the faithful execution of the laws. If the Act above referred to is void by reason of inconsistency with Section 16 of Article 3 or Section 5 of Article 6 or Section 3 of Article 12 or any section of the Constitution of the State, it is not law and therefore it does not become the duty of the Governor under the Constitution to enforce the provisions of the Act.

I have the honor therefore to request your opinion as to the interpretation of the above named sections of the Constitution and such other provisions thereof as may affect the powers and duties of the Governor, that I may be informed, if I, as Governor, am prohibited by any of said

constitutional provisions from enforcing the terms of said statute.

Very respectfully submitted,

N. B. BROWARD,
Governor."

Reduced to its last analysis the purpose of your letter is not to have us construe any clause of the *Constitution* affecting your executive powers and duties, but to have us pass upon the constitutionality of an act of the Legislature.

Section 13 of Article IV of the Constitution authorizes the Justices of the Supreme Court, on the Governor's request, to interpret only some portion of the *Constitution*, and does not authorize the court, upon such request, to interpret or pass upon the constitutionality of *statutes* that affect the Governor's executive powers and duties. Advisory Opinion to Governor, 39 Fla. 397. For the reasons stated we must respectfully decline to give any opinion upon the questions propounded.

Respectfully yours,

THOMAS M. SHACKLEFORD,
Chief Justice.

R. F. TAYLOR, Justice.

R. S. COCKRELL, Justice.

W. A. HOCKER, Justice.

J. B. WHITFIELD, Justice.

C. B. PARKHILL, Justice.