IN RE ADVISORY OPINION TO HONORABLE N. B. BROWARD, *Governor of Florida, Tallahassee, Fla.*

Under the constitutional provision that "the Governor may, at any time, require the opinion of the Justices of the supreme court as to the interpretation of any portion of this constitution upon any question affecting his executive powers and duties, and the Justices shall render such opinion in writing," the Justices of the supreme court are not required or authorized to render to the Governor an opinion as to the legal meaning and effect of a statutory provision.

July 15 1907.

To the Honorable Chief Justice and Justices of the Supreme Court of the State of Florida, Tallahassee, Florida.

SIRS:

Section 6, Article 4, of the constitution of the state of Florida, charges me, as Governor, with the duty of taking care that the laws be faithfully executed.

Section 1280 of the General Statutes provides that "the Governor shall provide a suitable laboratory, furniture and all necessary chemicals for the state chemist out of any funds in the state treasury not otherwise appropriated, the same to be paid back to the state treasury out of the funds accruing from the inspection of fertilizers · as hereinbefore provided."

Section 9, Chap. 5662, Laws of Florida, approved June 3, 1907, being generally known as "The Pure Food Law," provides, among other things, that the Governor shall "make such expenditures for apparatus, chemicals and increased laboratory facilities as in his judgment shall be required."

In view of this constitutional provision and these statutes, I hereby most respectfully request the supreme

court to advise me whether or not Section 1280 of the General Statutes, construed together with Section 9 of Chap. 5662, Laws of Florida, is an appropriation which would authorize the comptroller to draw his warrant in payment for the building and equipping of an addition to the state chemist's laboratory. This information is needed by me in the performance of my constitutional duty of taking care that the laws are faithfully executed.

Most respectfully yours,

N. B. BROWARD,

Governor.

July 17th, 1907.

Honorable N. B. Broward, Governor of Florida,
Tallahassee, Fla.

SIR:—Your communication of the 15th instant has been received and considered.

Section 13 of Article IV of the constitution provides that: "The Governor may, at any time, require the opinion of the justices of the supreme court as to the interpretation of any portion of this constitution upon any question affecting his executive powers and duties, and the justices shall render such opinion in writing."

. Under this section of the organic law of the state the justices of the supreme court are not required or authorized to render to the Governor an opinion except to interpret a portion of the constitution affecting his executive powers and duties. See Advisory Opinion 23 Fla. 297, 6 South. Rep. 925; Advisory Opinion 39 Fla. 397, 22 South. Rep. 681; Advisory Opinion 50 Fla. 169, 39 South. Rep. 187.

You refer to the constitutional provision that: "The Governor shall take care that the laws be faithfully executed," and cite statutes prescribing duties for

the Governor, but the request made is for an opinion as to whether or not designated statutes construed together make an appropriation for stated purposes.

The request is for an opinion as to the legal meaning and effect of statutes, and not for an opinion as to the interpretation of any portion of the Constitution of the state.

As the justices of the supreme court are required by the constitution of the state to render opinions to the Governor only as to the interpretation of portions of the Constitution affecting his executive powers and duties, it is not within the province of the justices to render to the (Governor the opinion as requested on the legal meaning and effect of the cited statutes.

Very respectfully,

THOMAS M. SHACKLEFORD,
Chief Justice.

W. A. HOCKER,
R. F. TAYLOR,
R. S. COCKRELL,
J. B. WHITFIELD,
C. B. PARKHILL,
Justices.