Very respectfully,<br>
(Signed)     J. B. WHITFIELD,<br>
R. F. TAYLOR,<br>
T. M. SHACKLEFORD,<br>
R. S. COCKRELL,<br>
W. A. HOCKER,<br>
Justices of the Supreme Court of Florida.

IN RE ADVISORY OPINION TO THE GOVERNOR.

Section 13 of Article IV of the constitution does not authorize the Justices of the Supreme Court to give to the Governor at his request an opinion upon the constitutionality of statutes affecting his executive powers and duties.

In the Supreme Court of Florida,
Tallahassee, Fla., July 17th, 1911.

Hon. A. W. Gilchrist,
Governor of Florida.

Sir:

We have the honor of acknowledging the receipt of your communication of July 13th, 1911, which is as follows:

"To the Honorable Chief Justice and Justices of the Supreme Court of Florida:

Gentlemen:

'Section 24 of Article IV of the State Constitution provides that: 'The treasurer, shall receive and keep all funds,

bonds, and other securities, in such manner as may be prescribed by law, and shall disburse no funds, nor issue bonds, or other securities, except upon the order of the comptroller, countersigned by the Governor, in such manner as shall be prescribed by law.'

Section 20, Chapter 6178, Laws of Florida, approved May 23, 1911, being:

'AN ACT to Create a State School Book Commission, and to procure for Use in the Public Schools of the State of Florida a Uniform Series of Text Books, and to Define the Duties and Powers of said Commission, to Make preparations for Carrying This Act Into Effect, and Providing Penalties for Violation of same:'
is as follows:

'Sec. 20.   That said Text Book Commission shall serve without compensation, and the members of the sub-commission actually serving shall be paid a per diem of four dollars per day during the time that they are actually engaged not to exceed thirty days, and in addition shall be repaid all money actually expended by them in the payment of necessary expenses, to be paid out of the public school fund, and they shall make out and swear to an itemized statement of such expenses.'

Sections 4 and 5 of Article XII of the State Constitution are as follows:

'Section 4.   The state school fund, the interest of which shall be exclusively applied to the support and maintainance of public free schools, shall be derived from the following sources:

'The proceeds of all lands that have been or may hereafter be granted to the State by the United States for public school purposes.'

'Donations to the State when the purpose is not specified.

'Appropriation by the State.

'The proceeds of escheated property or forfeitures.

'Twenty-five per cent of the sales of public lands which are now or may hereafter be owned by the State.'

Section 5. The principal of the State school fund shall remain sacred and inviolate."

In the Circumstances I respectfully request the opinion of the Justices of the Supreme Court, under Sec. 13 of Article IV of the State Constitution, as to whether it is my duty, in pursuance of the above cited Section 20 of Chapter 6178 to countersign a warrant or warrants in payment of per diem and actual expenses of the sub-commission, such warrants 'to be paid out of the Public School Fund.' "

The effect of your communication is to secure an opinion from the Justices of the Supreme Court upon the constitutionality of Section 20, Chapter 6178, Laws of 1911, requiring the expenses of the sub-commission of the text book commission to be paid out of the public school fund. It is uniformly held under previous opinions of the Supreme Court Justices, that they are not authorized upon the request of the Governor to give an opinion upon the constitutionality of statutes affecting the Governor's Executive powers and duties. See Advisory opinions to the Governor, 39 Fla. 397; 50 Fla. 169; 54 Fla. 136.

Very Respectfully,

W. A. HOCKER,

C. B. PARKHILL,

R. F. TAYLOR,

J. B. WHITFIELD,

R. S. COCKRELL,

T. M. SHACKLEFORD,