---

ADVISORY OPINION TO THE GOVERNOR.

Opinion Filed May 21, 1915.

1.   Where the constitutionality of An Act of the Legislature is necessarily involved in the consideration of a question affecting the Executive powers and duties, the Justices of the Supreme Court will not give to the Governor at his request an opinion upon such question.

2.   Section 13 of Article IV of the Constitution does not authorize the Justices of the Supreme Court to give to the Governor at his request an opinion upon statutory enactments affecting his Executive powers and duties.

State of Florida, Executive Chamber,
Tallahassee, May 18, 1915.

*To the Honorable Justices of the Supreme Court of Florida:*

Gentlemen—

Pursuant to Section 13 of Article IV of the Constitu-

tion of the State of Florida, your opinion is requested as to the interpretation of the judiciary article upon a question affecting the executive powers and duties in the matter of the appointment of Circuit Judges under an Act of the Legislature, whereof a copy is hereto attached, providing for two circuit judges of the additional Twelfth Judicial Circuit, said two judges being additional to the Circuit Judge for Duval County, the particular question being whether the Constitution limits the Governor in this instance to the appointment of one such judge only.

Very respectfully,

PARK TRAMMELL,
Governor.

AN ACT Creating an Additional Judicial Circuit in the State of Florida to be Designated the Twelfth Judicial Circuit and Providing for Two Additional Circuit Judges Therefor, and Defining and Fixing the Territorial Limits and Boundaries of the Fourth, Eighth and Twelfth Judicial Circuits and Prescribing When Said Circuit Courts Shall Take Jurisdiction and the Effect on Pending Cases and the Time for Holding the Term of Court in the Fourth and Twelfth Judicial Circuits.

*Be It Enacted by the Legislature of the State of Florida:*

Section 1.   There is hereby created and established an additional judicial circuit in the State of Florida to be known and designated the Twelfth Judicial circuit of the State of Florida.   This additional judicial circuit shall be composed of the counties of Duval and Nassau.   And for this additional judicial circuit there shall be appointed

by the Governor and confirmed by the Senate two additional circuit judges, other than the Judge of the Circuit Court for Duval County under Section 42 of Article V of the Florida Constitution.

Sec. 2. The Fourth Judicial Circuit of the State of Florida shall be composed of the Counties of St. Johns, Clay and Putnam.

Sec. 3. The Eighth Judicial Circuit of the State of Florida shall be composed of the Counties of Alachua, Bradford, Levy and Baker.

Sec. 4. On and after the seventh day of June A. D. 1915, the circuit courts of the Fourth, Eighth and Twelfth Judicial Circuits respectively then composed of the counties as hereinbefore set forth shall exercise jurisdiction over their circuits respectively; provided that the judges and state attorneys of the Fourth and Eighth Judicial Circuits respectively holding office at and before the time this Act becomes a law shall continue without change to exercise jurisdiction over their existing circuits and in the counties therein respectively until midnight at the beginning of the seventh day of June, A. D. 1915, and, in the event said additional judges are not then appointed and qualified, until said additional judges shall have qualified.

Sec. 5. The Circuit Court cases, suits and proceedings pending in the various counties hereinbefore named, shall continue pending therein, whether in one circuit or another, and no civil or criminal case, suit, cause or proceeding, in equity, at law, statutory or otherwise, and no writ, process, pleading, motion, information, present-

ment, indictment, order, finding, decree, judgment, or sentence shall abate or be quashed, set aside, reversed, qualified, dismissed or defeated, or be held as error, by reason of the creation, establishment or organization of the Twelfth Judicial Circuit or of the change in the circuits or of this division or of any designation of the number of the circuit or by reason of this law or of any part of this law.

Sec. 6. There shall be a State Attorney for the Twelfth Judicial Circuit who shall be appointed by the Governor and confirmed by the Senate and hold office for the term provided by the Constitution.

Sec. 7. That the time for holding the terms of the Circuit Court in and for the Fourth Judicial Circuit shall be as hereinafter fixed. There shall be two regular terms of said Court held in each county of the Fourth Judicial Circuit, each year, to be known as the Spring and Fall Term. The Spring Term of the Circuit Court for the said Fourth Judicial Circuit shall commence in the County of Clay on the second Monday in April, in the County of St. Johns on the second Monday in May, and in the County of Putnam on the second Monday in June. The Fall Term of said Court shall commence in the County of Clay on the third Monday in October, in the County of St. Johns on the third Monday in November, and in the County of Putnam on the second Monday in December.

Sec. 8. There shall be four terms of the Circuit Court for the Twelfth Circuit for Duval County beginning in each year on the first Tuesday after the first Monday of January, April, July and October, and any term may

extend or continue into the succeeding term pursuant to rules made from time to time by the circuit judges or a majority of them residing in said County, and said rules may fix the period of time for the extension, and may limit the application of the extension of the expiring term to a particular case or cases or to a particular class of matters; by like rules a future date may be arbitrarily fixed as to one or more of the various classes of cases for the end of the term without regard to the beginning of a new term above indicated or the adjournment or continuance of a pending term; the first term shall begin as soon after the organization as may be, by order of said circuit judges and without regard to the day of the week or month as above indicated.

Sec. 9. There shall be two regular terms of the circuit Court for the Twelfth Judicial Circuit for Nassau County, in each year, the Spring Term to begin on the third Monday in April and the Fall Term to begin on the first Monday in November. A Special Term may be held pursuant to law or whenever ordered by the two circuit judges for said circuit court. The Circuit Judge holding the older commission at the time shall preside or else direct the other circuit judge to preside; but the exercise of jurisdiction in term time or in vacation by either circuit judge shall be valid.

Sec. 10. All laws and parts of laws inconsistent with this law or any part hereof be and the same is hereby repealed.

Sec. 11. This law shall take effect at midnight at the beginning of the seventh day of June A. D. 1915.

---

Advisory Opinion to the Governor.

---

STATE OF FLORIDA,     }
Office of Secretary of State.   } SS.

I, H. Clay Crawford, Secretary of State of the State of Florida, do hereby certify that the foregoing is a true and correct copy of the original enrolled Act "Creating an Additional Judicial Circuit in the Statte of Florida to be Designated the Twelfth Judicial Circuit and Providing for Two Additional Circuit Judges therefor, and Defining and Fixing the Territorial Limits and Boundaries of the Fourth, Eighth and Twelfth Judicial Circuits and Prescribing When said Circuit Courts shall take Jurisdiction and the Effect on Pending Cases and the Time for Holding the Term of Court in the Fourth and Twelfth Judicial Circuits," as filed in this office.

Given under my hand and the Great Seal of the State of Florida, at Tallahassee, the Capital, this the nineteenth day of May, A. D. 1915.

(SEAL)              H. CLAY CRAWFORD,
                          Secretary of State.

---

In the Supreme Court of Florida,

Tallahassee, Florida, May 31, 1915.

*Hon. Park M. Trammell,*
       *Governor of Florida.*

*Sir*:

Your communication of May 18, 1915, we have had the honor to receive and consider.

You request the opinion of the Justices of the Supreme Court "as to the interpretation of the. Judiciary Article upon a question affecting the Executive powers and duties in the matter of the appointment of Circuit Judges under an Act of the Legislature, whereof a copy is hereto attached, providing for two Circuit Judges of the additional Twelfth Judicial Circuit, said two judges being additional to the Circuit Judge for Duval County, the particular question being whether the Constitution limits the Governor in *this* instance to the appointment of one such judge only."

Your communication limits us to the consideration of the Executive powers and duties which are prescribed by the terms of an Act of the Legislature referred to in the communication directing the Governor to appoint "two additional Circuit Judges, other than the Judge of the Circuit Court for Duval County" and the Judiciary Article of the Constitution as it affects such Executive powers and duties so prescribed.

The Act of the Legislature referred to in your Excellency's communication to which a certified copy of the said act was attached, is entitled "An Act Creating an Additional Judicial Circuit in the State of Florida to be Designated the Twelfth Judicial Circuit and Providing for Two Additional Circuit Judges therefor, and Defining and Fixing the Territorial Limits and Boundaries of the Fourth, Eighth and Twelfth Judicial Circuits and Prescribing When Said Circuit Courts shall take Jurisdiction and the Effect on Pending Cases and the Time for Holding the Term of Court in the Fourth and Twelfth Judicial Circuits."

Section One of the Act is as Follows:

"Section 1. There is hereby created and established an additional judicial circuit in the State of Florida to be known and designated the Twelfth Judicial Circuit of the State of Florida. This additional judicial circuit shall be composed of the Counties of Duval and Nassau. And for this additional judicial circuit there shall be appointed by the Governor and confirmed by the Senate two additional circuit judges, other than the Judge of the Circuit Court for Duval County under Section 42 of Araicle V of the Florida Constitution."

It is apparent that this section of the Act gives rise to the "instance" referred to in your communication and would be necessarily involved in the consideration that we may give to any portion of the Constitution affecting the Executive powers and duties in the matter of the appointment of Circuit Judges under that act. In effect any opinion which we may give to your Excellency upon Section 8 of Article V of the Constitution as amended in 1902 and Sections 35 and 42 of Article V as adopted in 1910 and 1912 respectively, which sections of the Judiciary Article of the Constitution affect the Executive powers and duties in the matter of the appointment of Circuit Judges would be an expression of our opinion upon the constitutionality of said Act in so far as the same requires your Excellency to appoint "two additional Circuit Judges other than the Judge of the Circuit Court for Duval County under Section 42 of Article V of the Florida Constitution" for the additional judicial circuit created by said act.

The Justices of this Court have invariably, since the adoption of the Constitution of 1885, expressed the opin-

ion that Section 13 of Article IV of the Constitution does not authorize the Justices of the Supreme Court to give to the Governor at his request an. opinion upon statutory enactments affecting his Executive powers and duties. See Advisory Opinion to the Governor 39 Fla. 397, 22 South. Rep. 681; 50 Fla. 169, 39 South. Rep. 187; 54 Fla. 136, 44 South. Rep. 756; 62 Fla. 4, 57 South. Rep. 345; 64 Fla. 1, 59 South. Rep. 778.

An advisory opinion of the Justices while not binding upon the court, and is open to reconsideration and revision, yet, if it questioned the validity of a statute, would create a doubt as to the effect of such statute which the Justices of this court should not upon an ex parte consideration of the subject bring about.

If the opinion should be expressed that the Judiciary Article does not contemplate the assignment of more than one Judge to each Circuit except in Duval County where by special constitutional provision another Judge of the Circuit Court for that county was directed to be appointed by the Governor, its effect would be to hold the Section One of the Act Referred to in your communication, so far as it requires the appointment of two additional judges for the additional judicial circuit is in conflict with the portions of the Judiciary Articles referred to, and therefore the Executive powers and duties in the matter of the appointment of Circuit Judges are not affected by the said Act.

Entertaining these views as to the substance and pur-

port of your request, we are constrained to decline giv-ing any opinion upon the question propounded.

Very respectfully,

R. F. TAYLOR,
J. B. WHITFIELD,
W. H. ELLIS,

Justices of the Supreme
Court of Florida.

In our judgment the question as propounded does not ask an interpretation of any portion of the State Constitution; it is too general in its scope and therefore not proper to be answered. We do not concur in the reasoning of the majority of the Justices leading them to this same conclusion.

T. M. SHACKLEFORD,
R. S. COCKREL',

Justices of the Supreme
Court of Florida.