PER CURIAM.
Supreme Court of Florida
Tallahassee
July 9, 1959
The Honorable LeRoy Collins
Governor of the State of Florida
The Capitol
Tallahassee, Florida
Dear Sir:
We have your request of July 8, 1959, for our opinion affecting your executive powers, and duties as follows:
“Honorable Elwyn Thomas
Chief Justice and the Justices of the Supreme Court of Florida
Supreme Court Building
Tallahassee, Florida.
“Gentlemen:
“Section 7 of Article IV of the State Constitution [F.S.A.] provides, ‘When any office, from any cause, shall become vacant, and no mode is provided by this Constitution or by the laws of the State for filling such vacancy, the Governor shall have the power to fill such vacancy by granting a commission for the unexpired term.’ Section 14 of Article V states, ‘When the office of any *704 judge shall become vacant from any cause, the successor to fill such vacancy shall be appointed or elected only for the unexpired term of the judge whose death, resignation, retirement, or other cause created such vacancy.’
“A vacancy in the office of judge of the Civil Court of Record for Duval County, Florida, has been created by death unless the court is abolished by Chapter 59-516, Laws of Florida, Acts of 1959. This act was filed with the Secretary of State on June 19, 1959, without my approval. There was also passed Chapter 59-533 relating to the jurisdiction of the said Court and this collateral fact is brought to the attention of the Court only so that it may be fully advised.
“Chapter 59-516 purports to amend Chapter 33, Florida Statutes [F.S.A.], by adding a new section to provide, ‘Upon the retirement, resignation, disqualification by reason ■or disability, expiration of the present term ■of office or death of the incumbent judge of any civil court of record in any county of this state having a population of not less than three hundred thousand (300,000), as ■determined by the latest official state-wide decennial census and not having home rule ■under the constitution, such court or courts shall be abolished.’
“Duval is the only county to which the ■act applies.
“The Civil Court of Record for Duval County was created by Chapter 8521, Laws of Florida, Acts of 1921, establishing civil •courts of record in counties having a population of more than 100,000 according to the last preceding federal census. At the time ■of enactment, this act applied only to Duval County.
“Chapter 11,357, Laws of Florida, Acts of 1925, established civil courts of record in •counties having a population of more than 100,000 according to the last preceding state ■census but it provided, ‘ * * * that the provisions of this act shall not apply to any ■county in which there has heretofore been ■established a civil court of record.’ This proviso was recognized by the Legislature when it adopted Florida Statutes, 1941; section 33.01 [F.S.A.] stating, ‘ * * * the provisions of this chapter shall not apply to the civil court of record of Duval county, Florida, now existing under chapter 8521, acts of 1921; * * * ’
“Although Chapter 59-516 attempts to abolish the Civil Court of Record for Duval County by adding a new section to Chapter 33, Florida Statutes, I believe that the intention of the Legislature is clear from the title and context of the act and that the reference to Chapter 33 may be deemed an error or mistake.
“However, the decision of this Court in State ex rel. Ervin v. Barnes, 56 So.2d 506, text 509, raises a substantial question whether Chapter 59-516 is effective to abolish the Civil Court of Record for Duval County. In that case, this Court said,
“ ‘In pur effort to harmonize a decision of the present controversy with what we have hitherto said, we come to the conclusion that the legislature can exercise its power under Section 1 of Article V to abolish a court in a single named county only by special or local legislation whether the court was thus established, or created by a general act based on population or other permissible classification.
“ ‘We realize that there is much responsible authority for the proposition that a court from its very nature, becoming as it does under our decisions a part of the judicial system, where the practice must be uniform throughout the state, is of such character that its establishment is a proper subject for general legislation. But we are conscious also of the truth that there is much about a court established in a designated county that makes it local or special in character. The very one with which we are now dealing, of course, operates wholly within one county. The burden of the judge’s salary falls on the taxpayers of that county. The judge is required to be a resident of that county and the executive officer and other officers of the court must be resident there also. The people of the county seem to be the ones immediately affected and, incidentally, the ones *705 more familiar with the need fo-r the court, or lack of it, and the wisdom of retaining or discontinuing it.
“ ‘There can be no question about the matter being debatable and, indeed, the Attorney General has presented a more forceful argument and has cited many authorities from other jurisdictions in support of his position that the court could be abolished only by general law, but we, influenced by our former expressions on the matter, have the conviction that the court was properly discontinued by the second act which became effective through referendum and that the last act was ineffectual.’
“Chapter 59-516 was introduced as Senate Bill No. 1180. From an examination of the journals of both houses of the Legislature and of the records of the Secretary of State, there is no evidence of the publication of a notice to apply for such legislation, nor does the act provide for its submission to a referendum. This law, therefore, did not meet the requirements of Section 21 of Article III of the State Constitution governing local and special legislation, if Section 21 be applicable.
“By virtue of Section 13 of Article IV, I respectfully request the opinion of the Justices of the Supreme Court on the following question:
“Under the authority of Section 1 of Article V of the State Constitution, did the Legislature effectually abolish the Civil Court of Record for Duval County by enacting Chapter 59-516, Laws of Florida, Acts of 1959 or under Section 7 of Article IV does there now exist a vacancy in the office of judge of said court for which I should appoint and commission a successor ?
“Sincerely,
/s/ LeRoy Collins
“Governor”
As pointed out in your letter, a vacancy now exists in the office of Judge of the Civil Court of Record of Duval County so that there devolves upon you the constitutional power and duty to fill such vacancy by granting a commission for the unexpired term, § 7, Art. 4, Fla.Const., unless Ch. 59-516, Acts of 1959, has “effectually” abolished such court. Therefore we can not give you an answer of benefit without directly passing on the constitutionality vel non of Chapter 59-516, Acts of 1959.
This court has many times declined to pass upon the constitutionality of a statute in rendering advisory opinions, particularly where such a test can best be accomplished in adversary proceedings appropriately briefed and buttressed by argument of counsel. This policy is the product of the historical recognition of the presumed constitutionality of an act of the Legislature until such presumption is set at rest by a court of competent jurisdiction in a proper adversary proceeding.
The corridor of organic authority for rendering advisory opinions is indeed a narrow one, and although the court has in a few instances rendered such opinions at or beyond the threshold of our constitutional duty, a majority of the court as now constituted feel that the constitutionality of a statute should only be passed upon in adversary proceedings. See In re Advisory Opinion to the Governor, 103 Fla. 668, 137 So. 881, and In re Advisory Opinion to the Governor, 50 Fla. 169, 39 So. 187, and numerous other related cases. .
It is therefore our conclusion that in the situation here presented, the Justices of this Court are without authority to render an advisory opinion to the Governor determining the constitutional validity vel non of Chapter 59-516, Acts of 1959, and we must respectfully decline your request.
/s/ T. FRANK HOBSON
T. Frank Hobson, Justice
/s/ E. HARRIS DREW
E. Harris Drew, Justice
/s/ CAMPBELL THORNAL
Campbell Thornal, Justice
,/s/ STEPHEN C. O’CONNELL
Stephen C. O’Connell, Justice
It is our view that there is abundant precedent acknowledging the authority of the *706 Justices to answer the question presented. See In re Advisory Opinion to Governor, 147 Fla. 157, 2 So.2d 378; In re Advisory Opinion to Governor, 147 Fla. 148, 2 So.2d 372; In re Advisory Opinion to Governor, Fla., 63 So.2d 321. It is therefore our view that we should proceed to answe.r the question even though it involves constitutionality vel non of Chapter 59-516, Acts of 1959. As government grows more complex and constantly extends its sphere of influence, we see no reason to recede from the reasoning advanced in the foregoing current decisions of the court.
/s/ ELWYN THOMAS
Elwyn Thomas, Chief Justice
/s/ B. K. ROBERTS
B. K. Roberts, Justice
The Honorable LeRoy Collins
Governor of the State of Florida
The Capitol
Tallahassee, Florida
Dear Sir:
On several occasions since my appointment to this Court I have participated in advisory opinions to you and your predecessors in office which construed or passed upon the constitutionality of certain statutes of this State. It is now my view that, in rendering such opinions, I exceeded my authority as a Justice of this Court.
The Constitution plainly authorizes the Justices of this Court to advise you “as to the interpretation of any portion of [the Florida] Constitution upon any question affecting [your] executive powers and duties.” From the adoption of the present Constitution until recent years the Justices of this Court have refused to advise the Governors of Florida as to their interpretation of or to pass upon the constitutionality of statutes of this State. It is my view that this Court should now return to that salutary principle epitomized in the conclusion of the Advisory Opinion to the Governor, 50 Fla. 169, 39 So. 187, where the then Justices said:
“Reduced to its last analysis, the purpose of your letter is not to have us construe any clause of the Constitution affecting your executive powers and duties, but to have us pass upon the constitutionality of an act of the Legislature.
“Section 13 of article 4 of the Constitution authorizes the justices of the Supreme Court, on the Governor’s request, to interpret only some portion of the Constitution, and does not authorize the Court, upon such request, to interpret or pass upon the constitutionality of statutes that affect the Governor’s executive powers and duties. Advisory Opinion to Governor, 39 Fla. 397, 22 So. 681. For the reasons stated, we must respectfully decline to give any opinion upon the questions propounded.”
Respectfully yours,
/s/ E. Harris Drew
E. Harris Drew, Justice