DREW, Justice.
These proceedings in prohibition raise the question of the validity of Chapter 59-516, Laws of Florida, Acts of 1959.[1]
The title to Chapter 59-516, supra, commences with the words “[a]n act amending chapter 33, Florida Statutes, * * * ”[2] The first section of Chapter 33, Florida Statutes 1957, F.S.A., contains a proviso “that the provisions of this chapter shall not apply to the civil, court of record of Duval county, Florida, existing under chapter 8521, acts of 1921.” The Constitution of this State [3] provides that every law enacted by the Legislature shall embrace but one subject matter and matter properly connected therewith “which subject shall be briefly expressed in the title.” There is nothing in the title to said Chapter 59-516, which we have quoted at length in the footnote, to place either the members of the Legislature or the people on notice that it has any relation whatever to or in any wise affected the Civil Court of Record of Duval County inasmuch as the act which it purports to amend by the express provisions of its first section makes it wholly inapplicable to such court.
For this simple and fundamental reason, the act can have no effect whatever upon such court.
The act under discussion is a general act of the Legislature. If, as respondent urges, the purpose of this act is to abolish the Civil Court of Record of Duval County upon the happening of the contingencies therein named, it is ineffectual to accomplish such purpose under the hold *683 ing of this Court in the Barnes case.[4] In passing upon an identical question, we held that it was beyond the power of the Legislature under the Constitution to abolish a court in a single county by general legislation regardless of whether it had been created and established by special act or general law. The exact language of the Court in that case is quoted in the footnote.[5]
To summarize our views, the subject act amending Chapter 33 is inapplicable to the Civil Court of Record of Duval County because the act which it purports to amend by its express terms does not apply to such court. Moreover, even if the subject act could by any stretch of the imagination be construed as purporting to abolish the Civil Court of Record of Duval County upon the happening of the contingencies therein contained, it is invalid because such result can be accomplished only by a special act of the Legislature.
The rule nisi in prohibition heretofore issued is hereby made absolute and the respondent Honorable A. W. Graessle, Jr., one of the Circuit Judges of Duval County, Florida, is hereby prohibited from proceeding in the case of Truck Refrigeration Service, Inc., a corporation, plaintiff v. J. H. Permenter, defendant, case No. 59-1134 — L, at law, in said court, save and except for the entry of an appropriate order dismissing said proceedings.
THOMAS, C. J., and THORNAL and O’CONNELL, JJ., concur.
TERRELL, J., dissents.

. The legislative history of these acts appears in the request from the Governor for an advisory opinion as to whether the Legislature effectively abolished the Civil Court of Record of Duval County by Chapter 59-516, Laws of Florida, Acts of 1959. The Court refused to grant the request because of its lack of authority under the Constitution to render an opinion on the constitutional validity vel non of an act of the Legislature. In re Advisory Opinion' to the Governor, Fla. 1959, 113 So.2d 703.

. The full title to the act is as follows:
“An Act amending chapter 33, Florida Statutes, by providing for abolishing the civil courts of record in all counties of this state having a population of not less than three hundred thousand (300,000) inhabitants, as determined by the latest official statewide decennial census, and not having home rule under the constitution, upon the retirement, resignation, disability expiration of the present term ■ of office, or death of the incumbent judge of any such court; providing for the transfer of all cases pending in such civil courts of record, including those on appeal therefrom when the same shall be affirmed, reversed, dismissed or remanded, to the court or courts which by law would have original jurisdiction of such cases on the date any such civil court of record is abolished; empowering the clerk of any criminal court of record or the clerk of the circuit court to transfer such cases upon the filing of a praecipe therefor within one year from the date any such civil court of record is abolished and directing the filing of such transferred cases without the payment of an additional filing fee; providing that all cases not so transferred within one year from the date such civil court of record is abolished shall be deemed abated for want of prosecution and dismissed without prejudice; and providing an effective date.”

.Section 16 of Article 3, F.S.A.

. State ex rel. Ervin v. Barnes, Ela.1952, 50 So.2d 506, 509.

. “In our effort to harmonize a decision of the present controversy with what we have hitherto said, we come to the conclusion that the legislature can exercise its power under Section 1 of Article V to abolish a court in a single named county only by special or local legislation whether the court was thus established, or created by a general act based on population or other permissible classification.
“We realize that there is much responsible authority for the proposition that a court, from its very nature, becoming as it does under our decisions a part of the judicial system, where the practice must be uniform throughout the state, is of such character that its establishment is a proper subject for general legislation. But we are conscious also of the truth that there is much about a court established in a designated county that makes it local or special in character. The very one with which we are now dealing, of course, operates wholly within one county. The burden of the judge’s salary falls on the taxpayers of that county. The judge is required to be a resident of that county and the executive officer and other officers of the court must be resident there also. The people of the county seem to be the ones immediately affected and, incidentally, the ones more familiar with the need for the court, or lack of it, and the wisdom of retaining or discontinuing it.
“There can be no question about the matter being debatable and, indeed, the Attorney General has presented a most forceful argument and has cited many authorities from other jurisdictions in support of his position that the court could be abolished only by general law, but we, influenced by our former expressions on the matter, have the conviction that the court was properly discontinued by the second act which became effective through referendum and that the last act was ineffectual.” Ibid, at page 509.