August 29, 1980
The Honorable Bob Graham
Governor of the State of Florida
The Capitol
Tallahassee, Florida 32301
Dear Governor Graham:
We have your request of August 28, 1980, for our opinion affecting your executive powers and duties as follows:
“Honorable Alan C. Sundberg
Chief Justice, and the Justices of The
Supreme Court of Florida
Tallahassee, Florida
“Gentlemen:
“By virtue of the provisions of Article IV, Section 1(c), Florida Constitution, I respectfully request your written opinion as to the interpretation of a portion of the Florida Constitution affecting my executive powers and duties.
“Pursuant to Florida Appellate Rule 9.500(b)(1), the first question for the Court is whether this request is within the purview of Article IV, Section 1(c), Florida Constitution. Under Article IV, Section 1(a) of the State Constitution, I am directed to take care that the laws of this State are faithfully executed. Article IV, Section 4(e) of the State Constitution provides that the State Treasurer shall disburse no funds except upon order of the Comptroller, countersigned by the Governor. Article IV, Section 1(a) of the Constitution provides: ‘The supreme executive power of the State shall be vested in a governor.’ This Court has previously determined that such a question is within the purview of Article IV, Section 1(c), Florida Constitution, by responding to a similar request. In re: Advisory Opinion to the Governor, 60 So.2d 321 (Fla.1952).
“Dr. Ronald E. Giddens was duly qualified as a Republican candidate for membership in the Florida House of Representatives, District 81. At the close of qualifying on July 22,1980, no other individuals had qual *555 ified as Republican candidates for district 81. [Exhibit ‘A’, pages 9 & 40]
“On July 29, 1980, Dr. Giddens submitted a letter of withdrawal from the race to the Secretary of State. [Exhibit ‘B’] On July 81, 1980, the Republican Party requested that a Special Primary Election be called. [Exhibit ‘C’] The withdrawal was reaffirmed under oath on August 22, 1980, and accepted by The Secretary of State. [Exhibit ‘D’]
“There is an apparent ambiguity in the Florida Election Code as to whether a vacancy exists in nomination by the Republican Party for election to the Florida House of Representatives, District 81, and as to whether it is my duty to issue a special call or proclamation for a special primary of the Republican Party to fill such alleged vacancy in nomination.
“Section 100.111(3)(a), Florida Statutes, provides a method for selecting nominees of political parties when there is a ‘vacancy in nomination’. Argument can be made that no vacancy in nomination can exist until after a candidate for nomination has been formally nominated at a first primary and then withdraws. However, Section 101.252, Florida Statutes, states that when only one candidate of a political party qualifies for an office, that candidate is declared to be the nominee and his name does not appear on the ballot.
“The question of whether a vacancy in nomination exists under the circumstances herein described, and whether I should call such special primary for the Republican Party involves my constitutional duty to take care that the laws of this State be faithfully executed and that I countersign no warrant for the disbursement of public funds except as may be authorized by law. Should I call a special Republican Party primary to fill a vacancy in nomination when there is no such vacancy, my act would be illegal. Should I fail to call such an election to fill a vacancy in nomination, if indeed such vacancy exists, I would have failed to perform my constitutional duty to take care that the laws of this State be faithfully executed. Should the call for a special Republican Party primary be illegal, expenditure of any public funds in connection therewith or for that purpose would also be illegal.
“In view of the doubt which exists and which has been expressed, I therefore, have the honor to request your opinion:
“I. Whether a vacancy in nomination of the Republican Party results when a candidate withdraws from the election subsequent to the close of qualifying and prior to the first primary; and,
“II. In compliance with my duty to take care that the laws be faithfully executed, is it my duty, or am I authorized under the Constitution and the laws enacted pursuant thereto, to call such a special primary election of the Republican Party to fill such a vacancy in nomination?
“Respectfully submitted,
/s/ Bob Graham
“Governor”
Pursuant to Rule 9.500(b)(1), Florida Rules of Appellate Procedure, it is incumbent upon the justices, first, to determine whether your request is within the purview of Article IV, Section 1(c), Florida Constitution.[1] Because we do not construe your request to involve “the interpretation of any portion of [the] constitution,” we conclude that the justices of this Court are without authority to render an advisory opinion regarding your responsibilities under the statutory provisions referred to in *556 your request.[2] Hence, we must decline your request.
Respectfully,
Alan C. Sundberg
Ben F. Overton
Arthur J. England Jr.
James E. Alderman
Parker Lee McDonald
I would answer the question posed by the Governor. In re Advisory Opinion to the Governor, 60 So.2d 285 (Fla.1952).
Respectfully,
JOSEPH A. BOYD, JR.

. Art. IV, § 1(c) provides:
The governor may request in writing the opinion of the justices of the supreme court as to the interpretation of any portion of this constitution upon any question affecting his executive powers and duties. The justices shall, subject to their rules of procedure, permit interested persons to be heard on the questions presented and shall render their written opinion not earlier than ten days from the filing and docketing of the request, unless in their judgment the delay would cause public injury, [emphasis added]

. See In re Advisory Opinion to the Governor, 113 So.2d 703 (Fla.1959); In re Opinion of the Justices, 69 Fla. 632, 68 So. 851 (1915); In re Advisory Opinion to the Governor, 64 Fla. 1, 59 So. 778 (1912).